UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BEVERLY ANN CASH**                                                            **CIVIL ACTION**

**VERSUS**                                                                         **NO. 11-148**

**STATE OF LOUISIANA**                                            **SECTION "R" (3)**

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff, Beverly Ann Cash, filed the captioned matter in this district court in which she appeals "the decision that was guaranted [sic] by the LA Supreme Court, whereby, [sic] [her] complaint was denied." Plaintiff's complaint for damages states that she sues the State of Louisiana for workers' compensation benefits allegedly wrongfully denied to her after a nervous breakdown during her employment. Plaintiff seeks $20 million in damages for past, present and future damages and pain and suffering because plaintiff "remains hallucinative."

On February 1, 2011, this Court ordered Cash to show cause in writing by February 18, 2011 why her claims against potential defendant the State of Louisiana should not be summarily dismissed for failure to state an actionable claim and for lack of subject-matter jurisdiction. On February 9, 2011, Cash responded to this Court's Rule to Show Cause. For the following reasons, the Court RECOMMENDS that Cash's claims against the State of Louisiana be DISMISSED WITH PREJUDICE for failure to state an actionable claim and for lack of subject-matter jurisdiction.

1

28 U.S.C. § 1915(e)(2)(B) allows summary dismissal, *sua sponte*, of a claim or suit should the Court determine that it is frivolous. Section 1915(e)(2)(B) provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). In plain language, Section 1915 mandates dismissal if the Court is satisfied that the case is frivolous, fails to state a claim upon which relief may be granted or if the complaint seeks monetary damages from a defendant who is immune from such relief.[1]

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[2] Cash alleges no diversity jurisdiction under 28 U.S.C. § 1332, and this Court can not fathom why such jurisdiction would exist here.

However, a review of Cash's response to this Court's order reveals that she complains of actions taken by her employer – the State – during her tenure as a Community Activity Worker, and it appears that she alleges that some of these actions may have occurred on the basis of race.

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

Construing Cash's complaint liberally – as it must[3] – the Court finds that Cash may be trying to assert a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

Notwithstanding this finding, the Court finds that any potential cause of action under Title VII on plaintiff's part has prescribed on the face of the complaint. A complaint with the Equal Employment Opportunity Commission ("EEOC") must be filed within 300 days of the alleged discriminatory or retaliatory action in Louisiana. *Janmeja v. Bd. of Supervisors of La. State Univ.*, 96 F. Appx. 212, 213-14 (5th Cir. 2004). A plaintiff has 90 days after the EEOC administrative process has ended to file suit. *Crawford v. Western Electric Co., Inc.*, 614 F.2d 1300, 1307 (5th Cir. 1980).

In her response to this Court's Rule to Show Cause, plaintiff complains of events that occurred between 1975 and 1982, when she resigned from her employment. Accordingly, almost 20 years have passed between plaintiff's resignation and the complaint here. Accordingly, any potential claim under Title VII has prescribed.[4] Because plaintiff has not demonstrated that federal subject-matter jurisdiction exists here, and because this Court can find no basis for such jurisdiction,

---

[3] *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986) ("[P]ro se pleadings must be construed liberally.").

[4] In the Court's Rule to Show Cause Order, the Court originally noted that its cursory review of plaintiff's complaint revealed that the *Rooker-Feldman* doctrine may bar jurisdiction in this Court because plaintiff essentially seeks review of a Louisiana state-court judgment in this Court. *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 483 (1983). Moreover, the Court noted that the Eleventh Amendment to the United States Constitution may preclude jurisdiction here. U.S. Const. amend. XI. The Court need not address the *Rooker-Feldman* doctrine or the Eleventh Amendment given its finding that it can find no other basis for federal subject-matter jurisdiction here.

**IT IS RECOMMENDED** that Cash's claims against the State of Louisiana be DISMISSED WITH PREJUDICE for lack of subject-matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 16th day of February, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**